**Beverly J. OTTO, Individually and on behalf of all others similarly situated, et al., Plaintiff,**

v.

**VARIABLE ANNUITY LIFE INSURANCE COMPANY, et al., Defendants.**

No. 82 C 4762.

United States District Court, N.D. Illinois, E.D.

Jan. 19, 1990.

Frederic J. Otto, Lowell H. Jacobson, James A. Brandvik, Craig E. Anderson, Herbert I. Rothbart, Charles J. Corrigan, Chicago, Ill., for plaintiff.

Randall L. Mitchell, Paul E. Lehner, Phil Fertik, Schuyler Roche & Sqirner, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The named plaintiff, Beverly Otto, brings this class action against Variable Annuity Life Insurance Company and other affiliated companies (collectively referred to as "VALIC"). Otto seeks to recover for alleged violations of § 10(b) of the Securities Exchange Act of 1934 ("Act"), as well as pendent state law claims. There are several pending motions. Otto and VALIC have each moved for summary judgment. Otto seeks an order of default against the individual defendants on Count IV of the amended complaint. Otto also moves to expand the class and add additional named plaintiffs. Finally, Otto has filed a motion to approve class action notice. As explained below, these motions are resolved as follows; VALIC's motion for summary judgment is denied; Otto's motion for summary judgment is denied; the motion to expand the class and add additional named plaintiffs is denied; the motion to approve notice to the class is granted in part and denied in part.

### Background

Beverly Otto represents a class of Illinois investors who participated in VALIC's fixed annuity plan between October 17, 1975 and August 2, 1982. Otto claims that VALIC[1] failed to disclose the method by which interest was calculated. According to Otto, this nondisclosure constitutes a violation of the Securities Act of 1934, breach of contract and common law fraud.

Otto claims that VALIC should have disclosed that it used the "banding" or "new money" method of calculating interest. Under the banding method, the current rate of interest is paid only on deposits made during the current period. Prior contributions continue to earn the rate of interest declared during the period in which these contributions were made. An alternative to the banding method is the "portfolio" method. Under the portfolio method, the same rate of interest is paid on all contributions.

Otto also asserts that VALIC failed to disclose the method by which a participant

---

1. There are a number of corporate defendants, including Separate Account and AG. The relationship between these corporations is de-scribed in greater detail in *Otto v. Variable Annuity Life Ins. Corp.*, 814 F.2d 1127 (7th Cir. 1986).

in the fixed annuity could potentially earn a higher rate of interest. Otto contends that a "transfer practice" enabled fixed annuity participants to transfer funds to a variable annuity for 120 days, and then transfer the funds back to the fixed annuity.

On April 11, 1985, we granted VALIC's motion for summary judgment on the ground that the fixed annuity was not a security. Otto appealed to the Seventh Circuit. The Seventh Circuit initially affirmed this order. However, VALIC subsequently filed a petition to amend this order, and disclosed for the first time that it claimed the discretionary right to alter the interest rate paid on past bands. The Seventh Circuit then reversed our order and issued an opinion in which it held that the annuity is a security.

### Discussion

#### A. VALIC'S Motion For Summary Judgment.

"A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338 (7th Cir.1989) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary judgment from which a trier of fact could find in its favor, and the moving party need only "[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* at 2554; *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988).

VALIC argues that it is entitled to summary judgment on the securities fraud claim. It advances several arguments to support the motion. First, VALIC asserts that fixed annuity is not a security. Second, VALIC claims that the nondisclosure of banding caused no legally cognizable harm to Otto. Third, VALIC insists that Otto's claims are time barred. Finally, VALIC argues that the alleged fraud was not in connection with the purchase or sale of a security, as required by the Act. We find that these arguments do not warrant summary judgment in VALIC's favor.

In addition, VALIC urges us to grant summary judgment in favor of AG and Separate Account, two of the corporate defendants. VALIC asserts that Otto has failed to demonstrate that they played any role in the alleged fraud. We also deny this portion of the motion.

In *Otto v. Variable Annuity Life Ins.*, 814 F.2d 1127 (7th Cir.1986), the Seventh Circuit explicitly held that the fixed annuity involved in the present case was a security within the meaning of the Act. Nevertheless, Otto suggests that we reconsider this finding, and hold that the annuity is not a security. Otto claims that we have this authority because the Seventh Circuit's decision was interlocutory and rested on an erroneous interpretation of Securities and Exchange Commission regulations.

■ We decline VALIC's invitation to scrutinize the wisdom of the Seventh Circuit. The Court was unambiguous in its determination that the fixed annuity is a security; "[w]e therefore find that VALIC's fixed annuity plan is a security." *Id.* at 1142. We need not engage in further consideration of this issue.

VALIC argues that Otto cannot establish any damages that are cognizable under the Act. VALIC argues that Otto must prove actual damages in order to recover. According to VALIC, proof of actual damages requires some showing of out of pocket loss. VALIC claims that any excess interest Otto would have earned absent the alleged fraud does not constitute an out of pocket loss. Rather, VALIC explains that these losses are "benefits expected but not earned;" damages which the Act does not recognize.

■ VALIC's view of the damages available to a securities fraud plaintiff is not consistent with the Seventh Circuit's definition and application of damage rules. The Seventh Circuit's description of securities fraud damages is much more expansive than the formulation advocated by VALIC. For example, in *Jordan v. Duff and Phelps, Inc.*, 815 F.2d 429 (7th Cir.1987), *cert. denied* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229, the Court explained that rescissionary damages are available in some cases. The rescissionary measure, which is based solely on the defendant's gain. *Id.* at 441, could likely result in damages to the plaintiff that are not "out of pocket losses." *See also Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 1473, 31 L.Ed.2d 741 (1972) (damages are defendant's profit when the defendant received more than the seller's actual loss); *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1240 (7th Cir.1988) (same). Moreover, the Seventh Circuit has explained that district courts have discretion to determine the appropriate measure of damages. "The court's function is to fashion the remedy best suited to the harm." *Id.* at 1241 (citations omitted). Finally, in several cases, the damage awards envisioned by the Seventh Circuit go far beyond the out of pocket loss suffered by the plaintiff. *See e.g., Jordan*, 815 F.2d at 441–443; *Rowe*, 850 F.2d at 1242.[2]

■ VALIC also asserts that Otto has no cognizable damages because the alleged fraud did not cause her any monetary loss. VALIC asserts that interest rates were either steady or rising during the period during which Otto held the annuity. According to VALIC, the result of this economic climate was that Otto actually made more interest through VALIC's use of banding that she would have made if VALIC had used the portfolio method.

Otto responds by insisting that VALIC's claim is too speculative. In addition, Otto offers the affidavit of Thomas Brinati, who claims that VALIC failed to pay the full interest amounts which it had promised to pay on the annuity.

A material issue of fact remains as to whether banding produced a higher yield than the portfolio method of interest computation. The only factual matter which VALIC has submitted to support its claim is the affidavit of Gregory Carney, VALIC's chief actuary. This affidavit is accompanied by no evidentiary support, and Carney's conclusions are stated in a conclusory manner. We find that this submission is insufficient to sustain VALIC's contention as a matter of law. *See Matter of Wildman*, 859 F.2d 553, 557 (7th Cir.1988) (conclusory allegation in affidavit insufficient to meet requirement of Fed.R.Civ.P. 56); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988) (district court is not required to accept conclusory allegations in an affidavit without any supporting evidentiary materials); *A & M Records Inc. v. A.L.W., Ltd.*, 855 F.2d 368, 370 (7th Cir.1988) (conclusory, unsupported matter insufficient to meet summary judgment burden).

■ VALIC's next argument is that the claims of Otto and the class are barred by the statute of limitations. Because there is no general federal statute of limitations and because there is no limitations provision in § 10 of the Securities and Exchange Act of 1934, the statute of limitations of the forum state controls. *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (1984) (citation omitted). The appropriate statute of limitations in this case is the three year limitations period imposed by Ill.Rev.Stat. ch. 121½ § 137.13 D (1977). *Id.* (citations omitted). However, the federal doctrine of equitable tolling is available to determine when the limitations period begins to run. *Id.* (citations omitted).

VALIC contends that, as a matter of law, the limitations period expired before Otto filed this action. VALIC rests this argument on various notices in which the banding method is ostensibly disclosed. Otto counters by claiming that these notices obscured, rather than disclosed, VALIC's

---

2. We merely hold that VALIC's formulation of the damages available to Otto is incorrect. We reserve a finding of the precise measure of damages, if any, for a later date.

method of interest payment. Extensive recapitulation and consideration of these arguments in unnecessary. This issue is clearly one of material fact that may not be appropriately resolved on a motion for summary judgment.

 VALIC also asserts that Otto and the plaintiff class cannot satisfy the requirement that the alleged fraud be in connection with the purchase or sale of a security. Specifically, VALIC asserts that Otto cannot satisfy this requirement because the mere accrual of interest does not constitute the purchase or sale of a security. VALIC is correct that a Rule 10b–5 plaintiff must establish that the alleged fraud occurred in connection with the purchase or sale of a security. *Abrams v. Oppenheimer Government Securities, Inc.*, 737 F.2d 582, 586 (7th Cir.1984); *Ray v. Karris*, 780 F.2d 636, 640 (7th Cir.1985). However, VALIC's assertion that Otto can not satisfy this requirement is incorrect. The annuity itself is a security. *Otto v. Variable Annuity Life Ins.*, 814 F.2d 1127 (7th Cir.1986). Because Otto purchased the annuity, the alleged fraud is in connection with the purchase or sale of a security.

 Finally, we cannot grant summary judgment in favor of Separate Account and AG on the basis of VALIC's bald assertion that these entities were not involved in the alleged fraud. VALIC has failed to establish, as a matter of law, the role that these entities played in the administration of the fixed annuity.

### B. Otto's Motion For Summary Judgment And Order of Default.

Otto claims that she is entitled to summary judgment on her securities fraud claim, as well as an order of default against the individual defendants on Count IV. We can dispose of both of these motions summarily.

In order to prevail on her motion with respect to the securities claim, Otto must demonstrate that there are no material issues of fact regarding any element of her claim. She cannot meet this burden. As noted above, there are material issues of fact regarding actual damages and the statute of limitations. In addition, there is a material issue of fact as to whether nondisclosure of banding was material. "An omission or misstatement is material if a substantial likelihood exists that a reasonable investor would find the omitted or misstated fact significant in deciding whether to buy or sell a security, and on what terms to buy and sell." *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1233 (7th Cir.1988), *citing Basic, Inc. v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 983, 99 L.Ed.2d 194 (1988). There is an issue of fact as to whether an investor would view VALIC's use of the banding method a material element of the decision whether or not to buy the annuity.

Otto claims that the individual defendants are in default, as they have failed to answer the allegations directed against them in Count IV. VALIC counters by asserting that the dismissal of this count was affirmed by the Seventh Circuit. VALIC also contends that, even if Count IV survives, an order of default would be inappropriate.

We find that the Seventh Circuit's second opinion reinstated Count IV, to the extent that it states a claim for conspiracy to violate securities laws. However, given the rather confusing procedural history and complexity of this case, an order of default against the individual defendants is not warranted. We order the individual defendants to answer the allegations against them on or before February 16, 1990.

### C. Motion to Expand the Class and Add Additional Named Plaintiffs.

Otto seeks to expand the class in three ways. First, she seeks to expand the class from a class of Illinois citizens who participated in the fixed annuity to a nationwide class. Second, she seeks to extend the class period from August 2, 1983 to December 31, 1983. Finally, Otto requests that we add three additional named plaintiffs; Frank DeBoer, Dwain Dedrick, and Ruth Armstrong.

 Essentially, Otto's motion is for leave to amend the class action allegations

**150**

in her complaint. Despite the liberal amendment policy expressed in Fed.R. Civ.P. 15, a motion for leave to amend should be denied when the moving party has unduly delayed the motion or if the proposed amendment would prejudice of the opposing party. *Textor v. Board of Regents,* 711 F.2d 1387, 1391 (7th Cir.1983); *Samuels v. Wilder,* 871 F.2d 1346, 1350–51 (7th Cir.1989). We find undue delay and prejudice in the present case.

Otto claims that her motion was spurred by newly discovered evidence. However, the parties have engaged in over six years of extensive discovery. Otto has offered no persuasive explanation as to why this information was only discovered recently. We find Otto's proposition particularly curious given the fact that this "new information" came from VALIC officers, who were presumably available for discovery at any time during the past decade.

In addition, the proposed amendment would prejudice both the defendants and the existing class members. The defendants would be forced to duplicate years of extensive discovery at considerable expense. Otto argues that this constitutes no real prejudice because VALIC maintains its records on a nationwide basis. However, Otto initially sought to certify a nationwide class, but then chose to proceed with a class composed only of Illinois residents. As a result, VALIC spent considerable time, money and effort defending an action against the claims of an Illinois class. Expanding the class at this time would force VALIC to engage in wasteful and duplicative measures. More importantly, the members of the present class would be prejudiced by the enormous delay in the litigation that would unavoidably result from the proposed radical expansion of the class.

▮ In addition to expanding the class, Otto also seeks to add three additional named plaintiffs. However, there seems to be no reason to add additional named plain-

tiffs at this late date. Moreover, Otto has made no showing that these individuals fulfill the requirements for class representatives outlined in Fed.R.Civ.P. 23. Accordingly, we deny Otto's motion in its entirety.

### D. Motion to Approve Class Action Notice.

▮ Otto has submitted a proposed notice to members of the Illinois class.[3] VALIC has raised several objections to the proposed notice. We find that only one of VALIC's objections has merit. The notice fails to inform the potential class members that they may be required to respond to individual discovery requests. VALIC may be inclined to issue individual discovery requests, given that some issues may have to be determined on an individual basis.[4]

Therefore, while we approve the existing contents of the notice, language informing the class of the possibility of individual discovery requests must be inserted. Otto is to submit an amended notice on or before February 16, 1990.

### Conclusion

For the reasons given above, we deny VALIC's motion for summary judgment and deny Otto's motion for summary judgment and order of default. The individual defendants are to answer on or before February 16, 1990. We deny the motion to expand the class and add additional named plaintiffs. Otto should submit her amendment to the class action notice on or before February 16, 1990. It is so ordered.

---

**3.** Otto submitted two notices in light of the pending motion to expand the class. Because we deny the motion, Class Notice "B" is the appropriate notice.

**4.** The class certification order lists several issues which might require discovery on an individual basis. (See Mem. Opinion and Order, March 15, 1984).