**Albert M. KLEIN, Blanche Tave and Daniel Slane, Plaintiffs,**

v.

**Harry E. GOETZMANN, Jr., John L. Bartolo, Lynn H. Smith, Henry A. Panasci, Jr., Chris J. Witting, Alvin O. Beiling, Robert C. Hayman, Thomas J. Prinzing and James J. Mosher, Defendants.**

No. 88–CV–780.

United States District Court, N.D. New York.

July 12, 1991.

Bangser Klein & Rocca, New York City (Jonathan J. Fink, of counsel), for Smith, Panasci, Witting, Beiling & Hayman.

Samuel B. Vavonese, Syracuse, N.Y., for Mosher.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

This is a putative class action in which the plaintiffs, shareholders in Continental Information Systems, Inc. ("CIS"), allege that certain of the corporation's officers, directors, and an accounting firm, made material misrepresentations and omissions in information provided to the investing public, in violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t; and Rule 10b–5, 17 C.F.R. § 240.10b–5.

The court issued a prior decision granting in part and denying in part motions by all the defendants to dismiss the first consolidated amended complaint. *Klein v. Goetzmann*, 745 F.Supp. 107 (N.D.N.Y.1990). The plaintiffs then filed and served their second consolidated amended complaint (hereinafter referred to as "the complaint") in January 1991.

Defendants Smith, Panasci, Witting and Hayman have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for failure to state a claim upon which relief can be granted, failure to plead fraud with particularity, and for lack of pendent jurisdiction. Specifically, these defendants, who refer to themselves as the "outside directors,"[1] contend that the plaintiffs have failed to adequately allege fraud, scienter and culpable participation by these defendants.

The outside directors also move to dismiss cross-claims for indemnification and contribution interposed by defendant Mosher, an executive officer of CIS, in his answer to the complaint. Mosher has not responded to this motion, and the court

Lowey Dannenberg Bemporad Brachtl & Selinger, Abbey & Ellis, New York City, Berger & Montague, Philadelphia, Pa., Sugarman Wallace Manheim & Schoenwald, Syracuse, N.Y. (Henry A. Brachtl, Richard C. Fooshee, Joshua N. Rubin, Gary E. Cantor, Lawrence Deutsch, Timothy Perry, of counsel), for defendants.

Bond Schoeneck & King, Syracuse, N.Y. (Charles Beeching, Jr., George H. Lowe, Edward Ryan Conan, Jonathan B. Fellows, of counsel), for Goetzman, Bartolo & Prinzing.

---

1. Defendant Smith is identified in the complaint as a "Director, member of Audit Committee and Secretary." Defendants Panasci, Witting and Hayman are identified as directors and members of the Audit Committee. There are no allegations which shed any light on what the duties of a member of the Audit Committee might be.

deems this failure to respond as defendant Mosher's consent to the granting of the outside directors' motion to dismiss the cross-claims, pursuant to Local Rule 10(g).

Defendant Deloitte and Touche, the accounting firm for CIS, was added as a party defendant in the complaint. Deloitte and Touche has moved to dismiss the complaint on the ground that the claims against it are barred by the statute of limitations for section 10(b) and Rule 10b–5 actions.

*Discussion*

## I. OUTSIDE DIRECTORS

The outside directors contend that the complaint is deficient since it fails to allege that any of them made any specific misstatements in financial statements, nor that any of them "culpably participated" in the making of any specific misstatements by others. The plaintiffs argue that (1) the motion to dismiss should be precluded by the law of the case and collateral estoppel doctrines; and (2) that the complaint adequately describes the allegedly fraudulent acts and provides the outside directors with sufficient information to answer the allegations.

With respect to the plaintiffs' first contention, the law of the case and collateral estoppel doctrines do not apply here. As the outside directors correctly assert in their reply memorandum, the issue presented here, whether outside directors are subject to "culpable participation" or "controlling person" liability has not been reached by the court prior to the instant motion. In fact, the court specifically stated in its prior decision that it would not address the issue whether any of the defendants might be subject to "controlling person" liability, since that issue was not raised by the parties. *Klein*, 745 F.Supp. at 110–11, n. 3. In addition, with respect to collateral estoppel, there has been no final judgment to which collateral estoppel could be attached.

The court turns then to considering whether plaintiffs have adequately pleaded their fraud claims against the outside directors. As noted by the court previously in *Klein*, complaints alleging fraudulent violations of section 10(b) and Rule 10b–5 must satisfy the requirement in Fed. R.Civ.P. 9(b) that fraud must be stated with particularity. *Klein*, 745 F.Supp. at 111 (citing *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir.1982)).

An outside director has no duty to insure that all material adverse information about a corporation is conveyed to prospective purchasers of the corporation's stock. *Decker*, 681 F.2d at 119. An outside director's liability must be that of an " 'aider and abettor, a conspirator, or a substantial participant in fraud perpetrated by others.' " *Id.* (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1289 (2d Cir.1973)). However, conclusional allegations that the defendants aided and abetted or conspired are not sufficient. *Decker*, 681 F.2d at 119. "The complaint must charge a violation of section 10(b) by the Company, knowledge of such violation by the director, and his substantial assistance in the accomplishment of the violation [citation omitted], or else the existence of an agreement between the director and one or more others to accomplish the wrongful purpose of violating section 10(b)." *Id.* In sum, as stated by the Second Circuit in *Lanza:*

> We recognize that *participation* by a director in the dissemination of false information reasonably calculated to influence the investing public may subject such a director to liability under [Rule 10b–5]. But it is quite a different matter to hold a director liable in damages for failing to insure that all material, adverse information is conveyed to prospective purchasers of the company's stock absent substantial participation in the concealment or knowledge of it. Absent knowledge or substantial participation we have refused to impose such affirmative duties of disclosure upon Rule 10b–5 defendants.

*Lanza*, 479 F.2d at 1302 (emphasis in original).

In order to plead fraud with particularity, " 'a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the

respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *Dymm v. Cahill*, 730 F.Supp. 1245, 1250 (S.D.N.Y.1990) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989)). Where multiple defendants are asked to respond to allegations of fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). The outside directors contend that the allegations in the complaint do not identify the individual defendants responsible for the alleged fraudulent acts, and the complaint is thus infirm. Plaintiffs argue that, where the defendants are officers or directors of a corporation, "the conduct of such individuals need not be specified and the fraudulent acts complained of need not be attributed to certain persons if the complaint sufficiently describes the fraudulent acts and provides the individuals with sufficient information to answer the allegations." *Banowitz v. State Exchange Bank*, 600 F.Supp. 1466, 1469 (N.D.Ill.1985); *see also Somerville v. Major Exploration Co.*, 576 F.Supp. 902, 911 (S.D.N.Y.1983).

This "group pleading," however, is limited to situations where the alleged misrepresentations are contained in an offering memorandum and the defendants are "insiders or affiliates participating in the offer of the securities in question." *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir.1986); *see also DiVittorio*, 822 F.2d at 1247; *Dymm*, 730 F.Supp. at 1250. Otherwise, the plaintiff "must provide each defendant with sufficient notice of that defendant's part in the fraud...." *Dymm*, 730 F.Supp. at 1251. Defendants note that the lone authority from the Second Circuit cited by the plaintiffs in support of their argument, *Somerville*, was decided before both *Luce* and *DiVittorio*, and the court

agrees that it carries no weight on this point.

Applying the foregoing principles of law to the averments in the complaint, it is clear that fraud by the outside directors Panasci, Witting and Hayman is not adequately pleaded.

The plaintiffs claim that the complaint sufficiently details the time and place of misstatements; states how they were misleading; and identifies the individual defendants charged with responsibility for the misstatements in ¶¶ 1, 8, 9, 10, 58, and 62–72. However, the complaint identifies the outside directors individually only in ¶ 8, in which the defendants and their positions are identified, and in which the plaintiffs state that each of the named defendants "signed CIS' Securities and Exchange Form 10–K, with Annual Report to Shareholders annexed, for the fiscal year ended February 29, 1988 ..., issued on or about May 12, 1988." [2]

The complaint otherwise avers generally that the "individual defendants" were "controlling persons of CIS" (¶ 9), and "engaged in a common course of conduct and acted as agents for one another in such conduct and to the end of the illegal acts alleged herein" (¶ 10). With respect to the factual allegations of fraud, the complaint generally alleges that the "defendants" or "individual defendants" were engaged in allegedly fraudulent acts. Nowhere (other than ¶ 8) does the complaint identify the outside directors and associate them individually with any fraudulent acts. There are no allegations that would support an inference that the outside directors had knowledge of or substantial participation in making misstatements or failing to insure that material adverse information was conveyed to the investing public. *See, e.g., Decker*, 681 F.2d at 120 (allegations that "the defendants participated in, or knowingly or with reckless disregard for the truth lent material assistance to, and/or acquiesced in the foregoing acts and omis-

---

**2.** The latter allegation is erroneous. Although defendants Smith and Witting signed the 10–K form, defendants Panasci and Hayman did not. *See* Exhibits attached to Affidavit of Robert M.

Sedgwick, sworn to February 29, 1991, submitted in support of defendants' motion to dismiss.

sions and ... played an active role in the preparation and dissemination of the false and misleading information and documents specified herein" are "so broad and conclusory as to be meaningless").

The allegation in ¶ 8 that the outside directors signed the 1988 Annual Report is also insufficient given the absence of any particularized allegation that the outside directors knew of or substantially participated in the making of misstatements in the report or omission of material adverse information. The allegation that defendant Smith was secretary of the corporation is sufficient, however, to bring him within the Second Circuit's "group pleading" rule, and Smith's motion to dismiss the complaint is denied. *But see Durham v. Kelly*, 810 F.2d 1500, 1505 (9th Cir.1987) (evidence that defendant was corporate secretary and was actively involved in corporate affairs did not support inference that defendant was "culpable participant" in fraud).

■ The court is mindful of the Second Circuit's recent decision in *Branum v. Clark*, 927 F.2d 698 (2d Cir.1991), in which the court reminded that a dismissal under Rule 12(b)(6) should "ordinarily be accompanied by leave to file an amended complaint." *Id.* at 705. The court noted that this principle should be applied with particular strictness in civil rights actions and actions involving *pro se* plaintiffs. Here, the parties are sophisticated business people represented by experienced attorneys, and plaintiffs have already had two opportunities to amend their complaint to adequately plead their causes of action against the defendants. The motion by outside directors Panasci, Witting and Hayman to dismiss the complaint, including the pendent state law claims, is granted with prejudice.

## II. DELOITTE AND TOUCHE

Defendant Deloitte and Touche ("Touche") has moved to dismiss the complaint against it on the ground that it is barred by the statute of limitations. The statute of limitations for securities fraud claims was previously based on the analogous state statute of limitations. In New York, the period is six years from the time the cause of action accrued or within two years from the time the fraud was, or with reasonable diligence should have been discovered, whichever period is longer. *See Kronfeld v. Advest, Inc.*, 675 F.Supp. 1449, 1456–57 (S.D.N.Y.1987).[3] However, the Second Circuit in *Ceres Partners v. GEL Assoc.*, 918 F.2d 349 (2d Cir.1990), adopted a "one-year/three-year" statute of limitations for actions under section 10(b), barring any suit filed more than one year after the discovery of the fraud or no more than three years after the violation.

Since the date of oral argument, the Supreme Court has agreed that the one-year/three-year limitations period adopted by the Second Circuit in *Ceres* and the other circuit courts which have considered the question applies to actions brought under section 10(b).[4] *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

Touche contends that the plaintiffs' cause of action against it accrued no later than the time of the filing of the first amended complaint in November 1989, and that the claims against it in the second amended complaint, filed January 14, 1991, are time-barred under *Ceres*.

Touche cites references in the first amended complaint which it contends demonstrate that plaintiffs had notice of al-

---

**3.** This does not take into account the possibility that different state statutes of limitation might apply under New York's "borrowing statute" (C.P.L.R. § 202) for plaintiffs from different jurisdictions. *See Kronfeld*, 675 F.Supp. at 1457 (applying 26 different state statutes of limitation in securities fraud case). However, since the court holds that the new, uniform one-year/three-year statute of limitations adopted in *Ceres Partners v. GEL Assoc.*, 918 F.2d 349 (2d Cir.

1990), applies here (see discussion *infra*), this consideration is not relevant.

**4.** *See Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2887, 115 L.Ed.2d 1052; *In re Data Access Sys. Securities Litigation*, 843 F.2d 1537 (3d Cir.), *cert. denied sub nom. Vitiello v. I. Kahlowsky & Co.*, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988).

leged fraud by Touche. The plaintiffs alleged their belief that the 1987 and 1988 Annual Reports and 10–K forms were false and misleading. First Amended Complaint, ¶¶ 22–23, 31–34. These were prepared by Touche. In addition, the first amended complaint alleges that "accounting misrepresentations designed to mask poor results" and "fraudulent accounting practices" were used by the defendants. First Amended Complaint, ¶¶ 17, 23.

Touche also argues that the amendment to the second amended complaint to include claims against it does not relate back, pursuant to Fed.R.Civ.P. 15(c), since there was no mistake concerning its identity, but for which the action would have been brought against it originally.[5] The plaintiffs do not dispute this contention, and the court will proceed on the assumption that the claim does not relate back.

■ The plaintiffs contend that the action is still governed by the six-year statute of limitations, since that statute was in effect when plaintiffs' claim against Touche accrued. Plaintiffs also argue that, even if the new one-year limitations period is applied retroactively, they did not discover fraud by Touche until, at the earliest, the time they subpoenaed and received documents from Touche in February 1990. Thus, they contend, the complaint was timely filed and served in January 1991.

Based on a careful review of the caselaw submitted by the parties, and its own research, the court concludes that the "one year/three year" statute of limitations announced in *Ceres* applies to the section 10(b) and Rule 10b–5 claims against Touche.[6]

The general rule is that " 'judicial precedents normally have retroactive as well as prospective effect.' " *Kremer v. Chemical Const. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980), *aff'd*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (quoting *National Ass'n of Broadcasters v. FCC*, 554 F.2d 1118, 1130 (D.C.Cir.1976)). The plaintiffs urge that the *Ceres* decision should be applied prospectively only, based on consideration of an exception to this general rule set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The Supreme Court in *Chevron* held that, for a new rule of law to qualify for prospective application, a judicial decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron*, 404 U.S. at 106, 92 S.Ct. at 355. "A court should then 'weigh' in each case whether retroactive application would conflict with the purposes of the rule and whether it would produce inequitable results." *Welch v. Cadre Capital*, 923 F.2d 989, 993 (citing *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355–56). The plaintiffs contend they relied on New York's six-year statute of limitations in conducting their investigation of possible fraud by Touche, and that it would be inequitable to now impose the new, shorter limitations period.

Touche notes that the second consolidated amended complaint, in which the claims against Touche were first raised, was filed on January 14, 1991, approximately two months *after* the decision in *Ceres*. Touche contends that the issue of retroactive or prospective application is inapposite here, since it applies only when a rule is

---

**5.** Rule 15(c) provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1)

has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.*

Fed.R.Civ.P. 15(c) (emphasis added).

**6.** The New York common law claim is still governed by the six-year/two-year statute of limitations.

announced *after* the filing of the complaint. Although it may in the end work a regrettably inequitable result on the plaintiffs, the court agrees with Touche.

As the Supreme Court stated recently: [i]t is, of course, a fundamental tenet of our retroactivity doctrine that the prospective application of a new principle of law begins on the date of the decision announcing the principle.

*American Trucking Ass'ns, Inc. v. Smith,* — U.S. ——, 110 S.Ct. 2323, 2335, 110 L.Ed.2d 148 (1990). Analogous to the case at bar is *Goins v. Teamsters Local 639,* 598 F.Supp. 1151 (D.D.C.1984), in which the court held that the *Chevron* retroactivity doctrine did not apply to a case brought after the Supreme Court's announcement of a new six-month statute of limitations for breach of duty of fair representation claims in *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The *Goins* court stated that:

... the *Chevron* court decided only that a new statute of limitations period should not "be applied retroactively to bar actions filed before the date of its announcement." [citation omitted]. Since this action was filed *after* the announcement of the six-month limitations period in *DelCostello,* the *Chevron* test is facially inapplicable.

*Goins,* 598 F.Supp. at 1154 (emphasis in original). Similarly, the Southern District of New York determined that "[n]o question of retroactivity arises because the Third Circuit decided *Data Access* on April 8, 1988 ... and plaintiffs at bar filed their complaint on June 1, 1988." [7] *Finkel v. Stratton Corp.,* 754 F.Supp. 318, 331 (S.D.N.Y.1990).

The plaintiffs cite the court to *Gruber v. Price Waterhouse,* 911 F.2d 960 (3d Cir. 1990), for the proposition that reliance on existing precedent may be considered in deciding whether to apply the new one-year/three-year limitations period. *Id.* at 965–67. The complaint in *Gruber,* however, was filed before the decision in *Data Access.* The plaintiffs cite no case, and the court could not locate a case, which considered the retroactivity doctrine where the complaint was filed *after* the decision changing the statute of limitations. Also, as previously discussed, the complaint alleging claims against Touche does not relate back. Accordingly, the one-year/three-year statute of limitations announced in *Ceres* applies here.

A statute of limitations defense may be properly raised on a motion to dismiss under Rule 12(b)(6). *Munshi v. New York Univ.,* 528 F.Supp. 1088, 1092 (S.D.N.Y.1981). However, the motion may be granted only when it is clear on the face of the pleadings that the action was not timely commenced. *Id.; Competitive Assoc., Inc. v. Fantastic Fudge, Inc.,* 58 F.R.D. 121, 123 (S.D.N.Y.1973) (motion to dismiss on statute of limitations grounds denied, in part, because question of fact existed as to time plaintiffs should have discovered untrue statements contained in prospectus for sale of securities).

■ Even though the court has decided the one-year/three-year limitation applies, it cannot be determined from the pleadings when the plaintiffs discovered or should have discovered fraud by Touche. That question is inherently fact-based, and could almost never be answered by the allegations in the pleadings. The allegations in the first amended complaint that the defendants used "fraudulent accounting practices" are not sufficient to indicate that plaintiffs were aware of or should have been aware of fraud by Touche at that time. *See Robertson v. Seidman & Seidman,* 609 F.2d 583, 589 (2d Cir.1979) (whether plaintiff should have suspected fraud by accountant in section 10(b) action was question for jury).

**7.** In *In re Data Access Sys. Securities Litigation,* 843 F.2d 1537 (3d Cir.) (*en banc*), *cert. denied,* 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988), the Third Circuit was the first of the federal circuit courts to adopt the one-year/ three-year securities violation statute of limitations. The reasoning of the court in *Data Access* was followed by the Second Circuit in reaching its decision in *Ceres.*

 The court can apply the three-year prong of the *Ceres* test on the motion to dismiss. Section 10(b) claims must be brought within three years of the violation, which means that in no case may claims based on fraudulent actions occurring outside the three-year period be maintained. *See Farley v. Baird, Patrick & Co., Inc.,* 750 F.Supp. 1209, 1214 (S.D.N.Y.1990) ("The three-year outside limitation is an absolute limitation"). Accordingly, claims arising from fraudulent conduct by Touche that occurred more than three years from the date the complaint was filed are time-barred.[8]

### Conclusion

The motion by defendants Panasci, Witting and Hayman to dismiss the complaint as to them is granted with prejudice. The motion by defendant Smith to dismiss is denied. The motion by these same defendants to dismiss cross-claims by defendant Mosher is also granted. The motion by defendant Touche to dismiss the complaint on statute of limitations grounds is granted as to claims arising out of violations occurring more than three years before the filing of the second consolidated amended complaint, and is in all other respects denied.

IT IS SO ORDERED.

---

8. Plaintiffs maintain that, if the court adopts the one-year/three-year limitations period, "Touche would still be liable, at a minimum, to members of the class who purchased after January 14, 1988, three years before the complaint was filed." Plaintiffs' Memorandum of Law in Op-position to Touche's Motion to Dismiss, p. 17. This argument is based on an erroneous interpretation of the three-year limit, which bars claims brought more than three years after the *violation.*