Amos ORANGE, et al., Plaintiffs,

Carl Sylvester Sumler, Intervening Plaintiff,

v.

SAFEWAY STORES, INCORPORATED, and Warehouse Employees' Union Local No. 730, Defendants.

Civ. A. No. 82–0661.

United States District Court, District of Columbia.

Jan. 24, 1983.

JePhunneh Lawrence, B. Harriett Taylor, Washington, D.C., for plaintiffs.

Richard C. Hotvedt, Gregory S. Lewis, Washington, D.C., for defendant Safeway Stores.

Patrick B. Shaw, Jonathan G. Axelrod, Hugh Beins, Jr., Washington, D.C., for defendant Warehouse Employees Union Local No. 730.

MEMORANDUM

GESELL, District Judge.

Following extensive discovery, defendants Safeway Stores, Incorporated, and Warehouse Employees' Union Local No. 730 have each moved for summary judgment in this case. The facts and law have been fully briefed and argued, and the events leading to this litigation are as follows.

In August, 1980, Ralph Sines, the Maintenance Manager of the Engineering Department of a Maryland Distribution Center of Safeway Stores, for purely business reasons made the decision to lay off four of the eight "Utility Workers" employed by that Department. Based on company seniority—that is, the length of time each of the eight had been employed by Safeway—he decided to lay off four individuals, of whom three were white and one an American Indian.

A few days later, Sines was approached by Willie Parrot, a Shop Steward of Local 730 and a black. Parrot informed Sines that he had made a mistake, that under the terms of the collective bargaining agreement between Safeway and Local 730 the utility workers—all of whom were members of Local 730—should be laid off by bargaining unit seniority, that is, the length of time each had been a member of Local 730. Sines asked Parrot to have appropriate Local 730 representatives call him to explain the matter further. Sines was later contacted by Jim Collins, one of two business agents for Local 730 and a black. Collins and Sines, after reviewing shop practice, agreed that bargaining unit seniority rather than company seniority should be used to determine layoffs. They further agreed that, in accord with historical practice, if employees had the same bargaining unit seniority, seniority would be determined by alphabetical order.

Based on this discussion, Sines notified the four individuals who had been originally scheduled for layoff that he was mistaken, and notified the remaining four individuals—all of whom were black—that because

they had less bargaining unit seniority or were furthest down the alphabet, they would be laid off. The four black utility workers were laid off on September 5, 1980. Plaintiffs in this case, three of the four individuals who were laid off, each filed a grievance with Local 730 sometime between September 17 and November 3, 1980. Roosevelt Murray, the second business agent for Local 730 and a black, responded to each grievance in writing saying that the layoff procedures had been proper and that Local 730 would not pursue the matter further.

Plaintiffs filed this action on March 8, 1982. They allege that defendants Safeway and Local 730 have discriminated against them on the basis of race in violation of 42 U.S.C. § 1981. They further allege that, under the terms of the written collective bargaining agreement in force at the time of the layoffs, seniority for purposes of layoffs was required to be company—not bargaining unit—seniority. Consequently, they argue, defendants have breached the terms of the collective bargaining agreement and are guilty of violation of § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and defendant Local 730 has further breached its duty fairly and lawfully to represent the plaintiffs by denying their grievances.

### 42 U.S.C. § 1981

Summary judgment must be granted as to this claim.

■ Liability under 42 U.S.C. § 1981 may not be imposed without proof of intentional discrimination. *General Building Contractors Association v. Pennsylvania,* —— U.S. ——, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Plaintiffs have introduced absolutely no evidence of discriminatory intent on the part of either Safeway or Local 730 beyond the fact that the four employees who were laid off on September 5 were black.

There is absolutely no evidence of any discriminatory animus, pattern or practice. Depositions of the plaintiffs and the participants in the layoff reveal that race was never mentioned as a factor in the decision, and there is no evidence of any racial remarks or slurs by anyone in Local 730 or Safeway. In fact, the evidence shows that Sines first intended to lay off the white utility workers until told of his mistake by black members and officers of Local 730. Approximately 60 percent of the members of Local 730 are black; five of its seven officers are black; its President is black. Yet it is Local 730 which insisted to Safeway that bargaining unit rather than company seniority be used for layoffs.

■ Numerous depositions and other documents, relied on by the parties and carefully reviewed by the Court, show that the layoffs were made in accord with an appropriate seniority system and not for discriminatory purposes. There is no evidence that the layoff system based on bargaining unit seniority has produced any disparate impact in layoffs throughout Local 730 as a whole. The disparate impact on the eight utility workers in the Engineering Department is not statistically significant. *Mayor of Philadelphia v. Education Equality League,* 415 U.S. 605, 94 S.Ct. 1323, 39 L.Ed.2d 630 (1974). Moreover, even if there were any evidence of disparate impact the law is well settled that differentials among employees resulting from a seniority system are not unlawful unless the product of an intent to discriminate. *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).

■ Plaintiffs have failed to allege facts from which a reasonable trier of fact could infer discrimination. The inferences of intent they seek to make are too thinly drawn to constitute proof sufficient for the issue to reach the jury. Although faced with motions for summary judgment, they have failed to produce any concrete evidence substantiating the theory of the complaint even after substantial discovery and numerous depositions. Nor have they filed affidavits stating any reasons for that failure as allowed by Federal Rule of Civil Procedure 56(f).

Defendants Safeway and Local 730 have met their burden as to the nonexistence of

any material issue of fact and plaintiffs have offered nothing substantial to bar their request for summary judgment as to 42 U.S.C. § 1981. *First American Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Bloomgarden v. Coyer,* 479 F.2d 201 (D.C.Cir. 1973). Reading all evidence in the light most favorable to plaintiffs, they have failed to present any facts sufficient to support an inference of intentional discrimination, and summary judgment must be granted defendants Safeway and Local 730 as a matter of law as to any alleged violations of 42 U.S.C. § 1981.

### Section 301

As to plaintiffs' claim of violations of § 301 of the LMRA by defendant Safeway, that claim must be dismissed as barred by the applicable statute of limitations. In *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1982), the Supreme Court determined that the applicable statute of limitations for an action by an employee against an employer under § 301, after a determination against the employee under arbitration procedures provided for in a collective bargaining agreement, is the statute applicable to an action to vacate an arbitration award. That statute also applies when the union has not further processed the employee's grievance so that the grievance never reached the arbitration stage. *Hall v. Printing Union Local 3,* 696 F.2d 494 (7th Cir.1982); *Badon v. General Motors,* 679 F.2d 93 (6th Cir. 1982).

The appropriate statute in the District of Columbia is D.C.Code § 16–4311(b), which requires such actions to be filed within 90 days of the award the employee seeks to vacate.* Defendant Local 730 responded to plaintiffs' grievances in the fall of 1980 and this action was not filed until more than a year later. Plaintiffs' claim against defendant Safeway must be dismissed as untimely.

In *Mitchell, supra,* the Supreme Court was faced only with the question of which statute of limitations should be applied to an employee's suit against his employer. The Court finds that plaintiffs' claims against the Union under § 301 also are barred by the 90-day statute applied to vacation of an arbitration award. The Court is aware that other Circuits are split on the question of whether the reasoning in *Mitchell* applies as well to suits by an employee against a union for breach of a collective bargaining agreement and failure to represent, and that some aspect of the issue is now apparently under review by the Supreme Court. *Compare Hand v. International Chemical Workers' Union,* 681 F.2d 1308 (11th Cir.1982), and *Flowers v. Local 2602 of United Steel Workers of America,* 671 F.2d 87 (2d Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599, *with Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982); *Delcostello v. International Brotherhood of Teamsters,* 679 F.2d 879 (4th Cir.1982), *affirming* 524 F.Supp. 721 (D.Md.1981), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599; *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349 (9th Cir.1981).

Justice Stevens in his concurrence in *Mitchell* argued that a claim against a union for unfair representation should not fall under the statute of limitations applying to vacation of arbitration awards. However, the seven-Justice majority in *Mitchell* did not limit the applicability of its decision to claims against employers. The Court of Appeals in this Circuit has not yet ruled on this issue, and under the circumstances this Court must follow the reasoning of the majority in *Mitchell* that the employee's claims for breach of a collective bargaining agreement and failure to represent are inextricably intertwined. *Mitchell, supra,* at 62. Plaintiffs' claim against Local 730 un-

---

* It is not necessary for this Court to determine if it would be appropriate to apply § 10(b) of the LMRA, 29 U.S.C. § 160(b), or the Maryland statute applying to vacation of arbitration awards, as the statute of limitations in this case. Plaintiffs' claims would also be untimely under those statutes, which require filing of actions within six months or thirty days, respectively.

der § 301 must also be dismissed as untimely. Plaintiffs can by timely appeal preserve their claim pending Supreme Court resolution of this issue.

The Court's Order granting defendants' motions for summary judgment and dismissing the complaint was filed January 21, 1983.