Tom J. McNAUGHTON,
Plaintiff-Appellant,

v.

DILLINGHAM CORPORATION, a Hawaii Corporation, doing business as Dillingham Ship Repair, Portland, Oregon; and Local # 1020 of the United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Defendants-Appellees.

No. 82–3211.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1983.

Decided Jan. 4, 1984.

Paul J. Kelley, Jr., Glasgow, Labarre & Kelly, Portland, Or., for plaintiff-appellant.

Wayne D. Landsverk, Newcomb, Sabin, Meyer & Schwartz, David Cash, Doblie, Francesconi & Welch, Portland, Or., for defendants-appellees.

Before WALLACE and SCHROEDER, Circuit Judges, and COYLE,* District Judge.

COYLE, District Judge.

In *McNaughton v. Dillingham Corporation, et al.*, 707 F.2d 1042 (9th Cir.1983), we upheld the application of Oregon's twenty-day limitation period for filing exceptions to arbitration awards, Or.Rev.Stat. § 33.310 (1981), to bar plaintiff's claim against his employer, Dillingham Corporation, brought under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. We further found this was not to be an appropriate case to address Dillingham's suggestion that the court apply the six-month limitation period under Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). We reversed the District Court's application of Oregon's twenty-day limitation period for filing exceptions to arbitration awards to plaintiff's claim against Local 1020 brought under § 301 of the LMRA. We did so in agreement with Justice Stevens' opinion in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 73, 101 S.Ct. 1559, 1569, 67 L.Ed.2d 732 (1981), that the most appropriate state statute of limitations to apply to actions by a union member against his local union for breach of its duty of fair representation is Oregon's two-year limitation on professional malpractice actions, Or.Rev.Stat. § 12.110.

In *Del Costello v. Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the United States Supreme Court held that the proper statute of limitations to apply to a suit by an employee against an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation is the six-month limitations period in § 10(b) of the NLRA rather than any state statutes of limitations.

Because of the decision in *Del Costello,* both plaintiff and the union have filed Petitions for Rehearing. Plaintiff argues that *Del Costello,* while directly on point, should not be given retrospective effect. The union, of course, argues that *Del Costello* does apply although it does not specially address the issue of retrospective application.

Thus, the primary issue facing us as a result of the decision in *Del Costello* is whether *Del Costello* should be given retrospective application. As explained in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296, 306 (1971), this determination is dependent upon consideration of three separate factors:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed, .... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hard-

---

* Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation.

ship" by a holding of nonretroactivity.'
. . .

*Accord Wiltshire v. Standard Oil Co.,* 652 F.2d 837, 840 (9th Cir.1981), *cert. denied,* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982); *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981).

In making the analysis the most important factor is the first one, *see Singer v. Flying Tiger Line, Inc.,* 652 F.2d at 1353. The Second, Fifth, Sixth and Ninth Circuits had characterized an action against a union for breach of the duty of fair representation as a tort or malpractice claim, *McNaughton v. Dillingham Corporation,* 707 F.2d 1042 (9th Cir.1983); *Flowers v. Local 2602 of United Steel Workers,* 671 F.2d 87, 91 (2d Cir.1982), *reversed sub. nom. Del Costello v. Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476; *Newton v. Local 801,* 684 F.2d 401, 403 (6th Cir.1982); *Edwards v. Sea-Land Service, Inc.,* 678 F.2d 1276, 1292 (5th Cir.1982) while the Seventh Circuit had adopted § 10(b) as the appropriate limitation period, *Hall v. Printing & Graphic Arts Union, Local # 3,* 696 F.2d 494, 498–99 (7th Cir.1982). Although there are decisions holding that there can be no justifiable reliance on local precedent where there are conflicting decisions in the circuits, *United States v. Serfass,* 492 F.2d 388, 395 (3d Cir.1974), *aff'd.* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Dasho v. Susquehanna Corp.,* 461 F.2d 11, 21 (7th Cir.1972), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2496, 33 L.Ed.2d 336 (1972), we have held that a single decision in another circuit does "not clearly foreshadow" a Supreme Court decision, *Wiltshire v. Standard Oil Co.,* 652 F.2d at 841; *see also Kennard v. United Parcel Service, Inc.,* 531 F.Supp. 1139, 1145 n. 16 (E.D.Mich.1982). It is true that the Supreme Court in *Mitchell* specifically refrained from addressing the contention that it should borrow § 10(b) of the NLRA and it did not address what state statute should apply against the union. However, it is difficult to state that plaintiff should have anticipated that the Supreme Court would borrow a federal statute of limitations. Even the Supreme Court in *Del Costello* notes that such a procedure is unusual, ——

U.S. at ——, ——, 103 S.Ct. at 2287, 2293–2294, 76 L.Ed.2d at 485, 493.

Looking to the second and third factors set forth in *Huson,* it is arguable that retrospective application of *Del Costello* will further the purpose of the rule set forth in *Del Costello.* The Supreme Court did not substantially undermine the concern expressed in the majority opinion in *Mitchell* that brevity is of critical importance in resolving disputes arising out of a breach of a collective bargaining agreement and further noted that fairly rapid resolution of a dispute arising out of a breach of a duty of fair representation is desirable, —— U.S. at ——––——, 103 S.Ct. at 2291–2292, 76 L.Ed.2d at 490–91. However, in *Huson,* which held that a shorter limitations period than had been applied by the Fifth Circuit was appropriate, the Supreme Court analyzed the second criterion:

> To hold that the respondent's lawsuit is retroactively time barred would be anomalous indeed. A primary purpose underlying the absorption of state law as federal law in the Lands Act was to aid injured employees by affording them comprehensive and familiar remedies . . . yet retroactive application of the Louisiana statute of limitations to this case would deprive the respondent of any remedy whatsoever on the basis of superceding legal doctrine that was quite unforeseeable. To abruptly terminate this lawsuit that has proceeded through lengthy and, no doubt, costly discovery stages for a year would surely be inimical to the beneficent purpose of Congress. [404 U.S. at 107–08, 92 S.Ct. at 356, 30 L.Ed.2d at 306]

Here, we are faced with somewhat a similar situation. To hold *Del Costello* retroactive would cut off any remedy plaintiff may have in this matter. Although the case in the district court had not proceeded beyond the motion to dismiss state, plaintiff's complaint was brought only three months past the limitations date approved in *Del Costello.* Thus, while plaintiff relied on a much longer limitation period when filing his action, he did not unduly prolong the filing of this action. Furthermore, courts have been

reluctant to retrospectively apply a decision imposing a shorter limitations period, *Chevron Oil v. Huson; Wiltshire v. Standard Oil Co.; Singer v. Flying Tiger Line.* Finally, as *Huson* noted in its discussion of the third factor, plaintiff here did not sit on his rights. To cut off his remedy because it was filed three months too late seems inequitable even given the Supreme Court's expressed interest that these matters be resolved quickly. The three month delay in this case cannot be seen to undermine the relatively rapid dissolution of labor disputes favored by federal law.

Accordingly, for the reasons set forth herein, *Del Costello v. Teamsters,* is held to be nonretroactive in its application, our decision in *McNaughton v. Dillingham Corporation,* 707 F.2d 1042 (9th Cir.1983) is affirmed and the petitions for rehearing are denied.[1]

---

1. Recently, in *Edwards v. Teamsters Local Union No. 36,* 719 F.2d 1036 (9th Cir.1983), we held *Del Costello* nonretroactive in a case involving the appropriate statute of limitations under California law to apply in a suit against the union for breach of the duty of fair representation.