Robert K. GOINS, et al., Plaintiffs,

v.

TEAMSTERS LOCAL 639—EMPLOYERS HEALTH AND PENSION TRUST, et al., Defendants.

Civ. A. No. 83–2811.

United States District Court, District of Columbia.

April 12, 1984.

Burton D. Fretz, National Senior Citizens Law Center, Washington, D.C., Charles Sabatino, Legal Services of Northern Virginia, Arlington, Va., Neal S. Dudovitz, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs.

Hugh J. Beins, Beins, Axelrod & Osborne, Washington, D.C., for defendants.

## MEMORANDUM ORDER GRANTING SUMMARY JUDGMENT

BARRINGTON D. PARKER, District Judge:

This matter comes before the Court on the defendants' motion for summary judgment. The defendants who request summary judgment are the Drivers, Chauffeurs & Helpers, Local Union No. 639 ("Union") and James Woodward, a business agent for the Union. The remaining defendants, the Teamsters Local 639—Employers Health & Pension Trust ("Local 639 Trust") and the trustees, are not involved in the pending motion. The plaintiffs are representatives of the estate of Huston Goins, deceased. They claim that Huston Goins, as a participant in the Local 639

Trust, was denied a disability pension as a result of a 1978 amendment to the eligibility requirements which precluded him from receiving these benefits.

The plaintiffs assert three claims against the Union and the Trust: that the Union violated its duty of fair representation by failing to negotiate a fair and equitable pension plan; that Woodward violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1140 and 1141 in willfully and deliberately making false statements to Goins concerning his pension rights; and lastly, that Woodward is guilty of common law fraud, deceit, negligence, and breach of trust in connection with these false statements.

The Local 639 Trust is an employee benefit plan as defined in ERISA, 29 U.S.C. § 1001 *et seq.* In 1972, the plan provided that a participant with five years of credited service would be eligible for monthly disability benefits. It was amended in 1978 to require at least ten years of credited service during the contribution period before a participant could receive monthly disability benefits. In 1978, the trust agreement provided that the Board of Trustees had full authority to define the nature and extent of all disability benefits, and to amend all conditions and qualifications for benefits. The uncontradicted affidavit of Joseph Connors, a trustee of the Local 639 Trust, states that the pension trustees exercised their exclusive power and authority to institute and amend the disability benefit provision in 1978, and that neither the Union nor defendant Woodward played any role in establishing or amending the plan.

By the end of 1977, Huston Goins had accumulated more than five years of continuous participation under the terms of the Trust agreement. When he became disabled in 1979, he was unable to satisfy the more restrictive ten-year requirement imposed by the 1978 amendment. His application for monthly disability benefits

was denied on August 20, 1980 and the trustees subsequently denied his appeal from that decision on September 22, 1980.[1]

The plaintiffs filed this law suit on September 22, 1983. The plaintiffs allege that summary judgment cannot be granted in favor of the Union and Woodward because there are two disputed facts. First, they assert that the nature and extent of the Union participation in the 1978 amendment is disputed. Second, they contend that there is an issue of fact as to whether Woodward intentionally provided Goins with false information concerning his eligibility for disability benefits. In this regard, Woodward flatly denies that he told Goins that the ten-year rule was not applicable to employees who had already satisfied the five-year rule.

For the reasons set out below, the Court determines that resolution of the dispositive legal issues renders resolution of these disputed factual issues unnecessary. Accordingly, the defendants' motion for summary judgment is granted on the claims for relief asserted against the Union and Woodward.

## LEGAL ANALYSIS

### A.

### Breach of the Duty of Fair Representation

A cause of action for a breach of the duty of fair representation is governed by the six-month statute of limitations for such claims, as set forth in the recent United States Supreme Court decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983). For statute of limitations purposes, the Court declined to distinguish various claims for breach of the duty of fair representation, and in fact, suggested that all such claims should be treated in a similar fashion. *Id.*, 103 S.Ct. at 2285, 2293–94. Since the plaintiffs' claim was brought more than six months

---

1. Huston Goins never submitted an application for a disability benefit to the Union or to defendant Woodward, the business agent for the Union. His only written communication regarding disability benefits was directed to the trustees.

after Mr. Goins' cause of action accrued, it is time-barred under *DelCostello.*

■ Moreover, judicial willingness to preclude retroactive applications of certain decisions, as set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), does not afford the plaintiffs any protection. First, the *Chevron* court decided only that a new statute of limitations period should not "be applied retroactively to bar actions filed before the date of its announcement." *Id.,* 404 U.S. at 99, 92 S.Ct. at 351–52. Since this action was filed *after* the announcement of the six-month limitations period in *DelCostello,* the *Chevron* test is facially inapplicable. Moreover, the circuit courts that have considered the retrospective application of the *DelCostello* rule have looked at cases pending at the time *DelCostello* was decided, *not* cases brought *after* the *DelCostello* decision was announced. *See, e.g. McNaughton v. Dillingham Corp.,* 722 F.2d 1459, 1460 (9th Cir.1984).

Second, even if the *Chevron* test is applied as broadly as plaintiffs suggest, the United States Supreme Court has applied the six-month statute of limitations period to bar suit under circumstances similar to those now before the Court. In *DelCostello,* the Court applied the just-announced statute of limitations to bar a cause of action which the plaintiff would otherwise have enjoyed under earlier law. *Id.,* 103 S.Ct. at 2287, 2294. In addition, the six-month limitations period has been given retroactive effect by every circuit which has considered the issue, *see e.g., Perez v. Dana Corp., Parish Frame Division,* 718 F.2d 581, 583 (3rd Cir.1983), with the exception of the Ninth Circuit, in *McNaughton,* 722 F.2d at 1462.

■ Third, one of the factors relevant to a finding of nonretroactivity is the reasonableness of the litigant's reliance on past precedent. Since the plaintiffs' claims would also have been barred by the 90-day statute of limitations applicable to duty of fair representation claims under the law in this jurisdiction prior to the *DelCostello* decision, *see Orange v. Safeway Stores,*

*Inc.,* 556 F.Supp. 510 at 513 (D.D.C.1983), *aff'd,* 725 F.2d 126 (D.C.Cir.1984), the plaintiffs cannot argue that they justifiably relied on past precedent in delaying this action. For the above reasons, the plaintiffs' fifth claim for relief must fail.

**B.**

**ERISA Claims Against Woodward**

**1.**

■ 29 U.S.C. § 1140 provides that:
[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan.

The plaintiffs assert that the prohibition against discrimination extends to Woodward's alleged statements concerning Goins' entitlement to disability benefits under the Trust. Even if Goins had a right to these benefits, an issue which is not presently before the Court, section 1140 does not encompass this sort of conduct.

The few judicial decisions interpreting section 1140 have enforced the statute against employers who discharged their employees in order to prevent them from receiving health and welfare or pension benefits. *See, e.g., Kross v. Western Electric Co., Inc.,* 701 F.2d 1238, 1242–43 (7th Cir.1983); *Bittner v. Sadoff and Rudoy Industries,* 490 F.Supp. 534, 535 (E.D.Wis. 1980). The discharges of these employees fit the prototypical conduct prohibited by the statute—"discharge[s] ... for the purpose of interfering with the attainment of [pension rights]." 29 U.S.C. § 1140. The statute also prohibits discrimination which is equivalent to a constructive discharge, *West v. Butler,* 621 F.2d 240, 245 (6th Cir.1980), or which involves the use of "economic sanctions or violent reprisals." S.Rep. No. 127, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 4639, 4838, 4872.

Woodward's alleged statement that Goins was guaranteed disability benefits stands in stark contrast to this sort of discrimination. At most, Woodward's remarks could have lulled Goins into believ-

ing that the ten-year requirement did not apply to him. Under these circumstances, the Court declines to find Goins' conduct actionable under the statute.

### 2.

Plaintiffs' assertion of a cause of action under 29 U.S.C. § 1141 lacks merit because this section of the statute is a criminal provision whose enforcement is the exclusive prerogative of the Attorney General. *West v. Butler*, 621 F.2d at 244; H.R.Rep. No. 533, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 4639, 4655; S.Rep. No. 127, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad.News 4838, 4871. Accordingly, the plaintiffs cannot assert a private right of action under section 1141, and their claim for relief under this provision must be rejected.

### C.

### Common Law Claims Against Woodward

The plaintiffs also assert common law claims against Woodward for common law fraud, deceit, negligence and breach of trust, and ask for damages in the amount of $75,000. Plaintiffs seek declaratory and injunctive relief with respect to their remaining claims against the Trust and the trustees, as well as the award of a survivors' pension to the widow of Huston Goins. Under the rule enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), a court may decide both state and federal claims if they are derived from a common nucleus of operative fact. In this case, it is questionable whether the plaintiffs' claims against Woodward are derived from the same set of facts as their claims against the Trust and the trustees. The claims against the Trust and the trustees arise from their actions in amending the Trust in 1978, while the claim against Woodward involves allegedly false statements made under different circumstances.

Even if the plaintiffs' claims are viewed as arising from a common nucleus of operative facts, the court will nevertheless exercise its discretion to decline pendent juris-

diction. Where the state issues would "predominate [ ] in terms of proof, of the scope of the issues raised, [and] the comprehensiveness of the remedy sought," *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139, the court may properly decline jurisdiction. Here, the factual and legal issues raised by the state claims vary greatly from the remaining federal claims, and the state damage remedy "might well become the predominant element of the lawsuit." *Bouchet v. National Urban League, Inc.*, 730 F.2d 799 at 805 (D.C.Cir.1984). Under these circumstances, the Court declines jurisdiction over the plaintiffs' state claims.

On basis of the foregoing, it is this 12th day of April, 1984,

### ORDERED

That the motion of the defendants Union and Woodward for summary judgment is granted as to plaintiffs' fifth, sixth and seventh claims for relief.

That the fifth and sixth claims for relief are dismissed with prejudice.

That the seventh claim for relief is dismissed without prejudice, allowing the plaintiffs to pursue their claims in the appropriate local forum, should they so elect.