**Kenneth L. WALSCHE and Mary Audree Walsche, Plaintiffs–Appellants,**

v.

**FIRST INVESTORS CORPORATION, Defendant–Appellee.**

**No. 206, Docket No. 92–7527.**

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1992.

Decided Dec. 14, 1992.

**650**

Beverly Stauffer Knapp, Bridgeport, CT (L. Douglas Shrader, Zeldes, Needle & Cooper, PC, of counsel), for plaintiffs-appellants.

Larry R. Lavoie, Washington, DC (Gregory K. Conway, Kirkpatrick & Lockhart, of counsel), for defendant-appellee.

Before MINER, ALTIMARI, and WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiffs-appellants Kenneth L. Walsche and Mary Audree Walsche ("the Walsches") appeal from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*), dismissing their complaint, 793 F.Supp. 395, which alleged violations of federal and state securities laws as well as breaches of various common law duties. The district court dismissed the Walsches' federal securities claims as untimely under *Ceres Partners v. GEL Associates*, 918 F.2d 349 (2d Cir.1990), and dismissed their state-based statutory and common law claims for lack of pendent jurisdiction.

On appeal, the Walsches contend that the uniform federal limitations period announced in *Ceres* three months prior to the filing of their complaint should not be applied to their cause of action. Specifically, the Walsches contend that despite the fact that *Ceres* preceded the initiation of their suit, its application would be "retroactive" because their cause of action accrued before the new rule was announced. In addition, the Walsches contend that the district court erred in dismissing their state and common law claims for lack of pendent jurisdiction since their complaint had alleged jurisdiction based on diversity of citizenship. In contrast, defendant-appellee First Investors Corporation ("First Investors") argues that because the new limitations period was announced before the

Walsches filed their complaint, its application to bar this cause of action is "prospective" and not "retroactive." First Investors concedes that the district court erred in dismissing the state-based diversity claims for want of pendent jurisdiction but maintains that this dismissal should be sustained because the claims were also time-barred under applicable state periods of limitation.

For the reasons set forth below, we affirm that portion of the judgment dismissing the federal securities claims as time-barred, vacate that portion of the judgment dismissing the state-based diversity claims, and remand for further proceedings.

## BACKGROUND

Kenneth and Mary Walsche are a couple in their sixties who in the summer of 1985 were searching for an investment alternative to the passbook accounts and certificates of deposits they had previously used. Upon the advice of Randolph Ross, a friend's son, the Walsches invested a substantial portion of their life savings in the First Investors Fund for Income ("the Fund"), a mutual fund administered by First Investors Corporation ("First Investors"). According to the Walsches, Ross, a sales representative for First Investors, assured them that the Fund was "very secure" and consisted only of high grade corporate bonds. The Walsches also contend that another First Investors representative told them the Fund was comprised of approximately 95% "grade A" corporate bonds and approximately 5% "grade B" corporate bonds. The Walsches invested $50,000 in three installments between July 24, 1985 and May 2, 1986. In May 1987, the Walsches, again acting on the advice of a First Investors representative, increased their total investment in the Fund to in excess of $95,000.

Contrary to the representations upon which the Walsches claim to have relied, the First Investors Fund for Income was not comprised only of high grade bonds but in fact had a heavy emphasis on high-risk "junk bonds." In February 1990, First In-

vestors Management Company, the Fund's investment advisor, sent the Walsches a newsletter in which it was revealed that managers had begun to replace lower-rated bonds with those having a stronger credit rating. The newsletter explained that the shift was necessary to "help stabilize the Fund's asset value." The Walsches contend that the newsletter was misleading in that it did not reveal the Fund's already heavy investment in junk bonds. In March 1990, the Walsches' dividend checks decreased in value, an occurrence which a First Investors representative explained was a minor fluctuation. On March 7, 1990, the Walsches liquidated their shares in the Fund and sustained a loss, which they approximate at $60,000.

In September 1990, the Walsches read an article in the *Wall Street Journal* that described the Fund as a "junk bond mutual fund," which was under state investigation for fraudulent sales practices. The Walsches claim that it was at this time that they discovered the purported fraud.

On February 20, 1991, the Walsches filed suit in the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*) alleging violations of: (1) Section 10(b) of the Securities and Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5 (1991); (2) Connecticut Uniform Securities Act, Conn.Gen.Stat. §§ 36–472, 36–498(a)(2); and, (3) various common law duties, including fraud, breach of fiduciary duty and negligence. The Walsches alleged diversity of citizenship as an additional basis of jurisdiction over the state-based statutory and common law claims. On April 11, 1991, First Investors moved to dismiss the action, alleging, *inter alia*, that the federal claims were time-barred under the limitations period announced in *Ceres Partners v. GEL Associates*, 918 F.2d 349 (2d Cir.1990).

In *Ceres*, issued on November 8, 1990—three months prior to the initiation of the Walsches' action—this Court held that a private right of action under § 10(b) of the 1934 Act would be barred unless brought within one year of discovery of the fraud

and within three years of the violation ("the one-year/three-year period"). In so holding, this Court abandoned its prior practice of borrowing analogous state statutes of limitations in actions arising under § 10(b). *Ceres* "le[ft] for the future all questions concerning [its] retroactive application." 918 F.2d at 364. Retroactive application of *Ceres* was subsequently addressed by this Court on January 22, 1991, in *Welch v. Cadre Capital*, 923 F.2d 989 (2d Cir.) ("*Welch I*"), *vacated*, —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), where we held that the one-year/three-year rule would not automatically apply retroactively to cases already pending when *Ceres* was announced. Rather, in *Welch I* we applied the three-part analysis set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), and determined that the one-year/three-year period did not apply retroactively on the facts of that case. *See Welch I*, 923 F.2d at 994–95; *see also Levine v. NL Indus.*, 926 F.2d 199, 201–02 & n. 1 (2d Cir.1991).

The Walsches claim to have discovered the fraud on the part of First Investors in September 1990, when they read an article in the *Wall Street Journal* that characterized the Fund as a "junk bond mutual fund" and revealed that First Investors was under investigation for a variety of improper sales practices. Both parties agree that if the one-year/three-year period of *Ceres* applies to this cause of action, the Walsches' claim is time-barred since it was filed over three years from the date of the violation, *i.e.*, the sale of shares.

On June 20, 1991, while First Investors' motion to dismiss was still pending, the Supreme Court announced its decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). *Lampf* adopted the one-year/three-year limitations period, previously adopted by this Court in *Ceres*, for all actions brought pursuant to § 10(b) of the 1934 Act and corresponding Rule 10b–5. Significantly, *Lampf* applied the one-year/three-year period to the case before it. *Lampf*, —— U.S. at ——–——, 111 S.Ct. at 2782–83. In *James B. Beam*

*Distilling Co. v. Georgia,* —— U.S. ——, —— ——, 111 S.Ct. 2439, 2447–48, 115 L.Ed.2d 481 (1991) (plurality) (*"Jim Beam"*), decided on the same day, the Supreme Court held that its prior decision applying a tax ruling retroactively to the case in which it was announced, *Bacchus Imports v. Dias,* 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), also applied to all cases then pending on direct review. *Jim Beam* established that once a ruling in a civil case is applied in the case in which it is announced, it must be applied retroactively to all cases pending on direct review. *Jim Beam,* —— U.S. at —— ——, 111 S.Ct. at 2447–48. Thereafter, the Supreme Court remanded *Welch I* for reconsideration of the retroactivity issue in light of *Lampf* and *Jim Beam. See Northwest Sav. Bank, PaSa v. Welch,* —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991).

In light of the rapid changes in this area of law, the district court stayed First Investors' motion to dismiss pending this Court's reconsideration of *Welch I* on remand. Subsequently, this Court reversed its position in *Welch I,* and held that in accordance with *Lampf* and *Jim Beam,* the one-year/three-year federal statute of limitations announced in *Ceres* and *Lampf* would apply retroactively to all cases regardless of whether a case was timely filed under preexisting law. *See Welch v. Cadre Capital,* 946 F.2d 185 (2d Cir.1991) (*"Welch II"*). This did not, however, end the matter.

On December 19, 1991, Congress enacted Section 27A of the Securities Exchange Act, to remove the retroactive application of *Lampf.* Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102–242, § 476, 105 Stat. 2236, 2387 (codified at Securities Exchange Act of 1934, § 27A, 15 U.S.C. § 78aa–1 (Supp. III 1991)) ("Section 27A"). The section reads in pertinent part:

(a) EFFECT ON PENDING CAUSES OF ACTION.

——The limitations period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

The date chosen by Congress, June 19, 1991, precedes *Lampf* and *Jim Beam* by one day. Both parties agree that the enactment of Section 27A had the effect of suspending the retroactive application of *Lampf* and nullifying our holding to this effect in *Welch II.*

*Ceres,* which had announced our adoption of the one-year/three-year limitations period over one year before the date chosen by Congress, remained in force. The effect of Section 27A in this Circuit was limited to its revival of *Welch I* as the law applicable on the issue of whether the new limitations period should be applied retroactively to cases pending when *Ceres* was decided. Thus, the one-year/three-year period of limitations announced in *Ceres* would only apply to bar a pending action where, based on a case-specific application of the *Chevron* analysis, a court determined that it was equitable to do so.

Turning to the Walsches' cause of action and First Investors' motion to dismiss, the district court ruled that the one-year/three-year limitations period announced in *Ceres* was applicable and that the Walsches' federal securities claims were therefore time-barred. In so holding, the district court found that because the Walsches did not file their complaint until after November 8, 1990—the date on which *Ceres* was decided—the application of the new rule announced in *Ceres* was *prospective* rather than *retroactive.* As a result, the district court concluded that *Chevron* analysis was facially inapplicable.

The district court further ruled that because the federal claims were untimely, the state-based claims were "without an anchor claim for pendent jurisdiction." Accordingly, the district court dismissed the Walsches' complaint in its entirety. The Walsches now appeal.

On appeal, the Walsches pursue their contention that application of the one-year/three-year period constitutes a retroactive application of *Ceres* because their claim accrued before *Ceres* even though it was

not filed until after. The Walsches seek a remand for reconsideration of their claims under the retroactivity principles announced in *Chevron*. In addition, the Walsches contend that the district court erred in dismissing their state-based claims for lack of pendent jurisdiction because diversity of citizenship had been alleged.

## DISCUSSION

There is no dispute that but for Congress' intervention in enacting Section 27A, the retroactive application of *Lampf* would have required the dismissal of the Walsches' cause of action. However, regardless of whether *Lampf* does or does not apply to the Walsches' cause of action, this Court had already adopted the one-year/three-year period in *Ceres* before the Walsches filed suit. Therefore, despite its procedural complexity, this case presents a straightforward question: Does the one-year/three-year limitations period announced in *Ceres* apply to all claims filed after the date of that decision? We hold that it does.

■ It is, of course, the general rule that a court must apply the law as it exists at the time it renders its decision. *See Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 608, 107 S.Ct. 2022, 2025, 95 L.Ed.2d 582 (1987); *United States v. Schooner Peggy*, 5 U.S. 64, 68–69, 1 Cranch 103, 109–10, 2 L.Ed. 49 (1801). In other words, new rules operate both retroactively to pending cases and prospectively to future cases. *See Kremer v. Chemical Constr. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980), *aff'd*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Ames v. Merrill Lynch, Pierce, Fenner & Smith*, 567 F.2d 1174, 1177 (2d Cir.1977). In *Chevron*, the Supreme Court carved out a narrow exception to this general principle and described a three-part inquiry to be used in determining whether a decision will have prospective effect only. To qualify for purely prospective application, a decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolu-

tion was not clearly foreshadowed...." *Chevron*, 404 U.S. at 106, 92 S.Ct. at 355. If the proponent of retroactivity clears this first hurdle, the court must then "weigh" the issue of whether retroactive application would conflict with or further the purposes of the new rule and whether it would produce inequitable results. *Id.* at 106–07, 92 S.Ct. at 355–56; *see also Welch I*, 923 F.2d at 993–94.

The touchstone of the *Chevron* doctrine is justifiable reliance. Where a new rule of law upsets the settled expectations of the parties, it was believed equitable to permit those who may have relied on prior law to continue under the same legal understanding with which it was commenced. In this way, the new rule of law would be left to application in future cases.

■ A *Chevron* analysis is precisely what the Walsches seek. The Walsches argue that although their cause of action was filed after *Ceres*, the conduct on which it was based took place before that opinion was announced and that therefore, retroactivity concerns are implicated. Put differently, the Walsches contend that by focusing solely on whether a case was pending when a new rule was announced, the district court took too narrow a view of retroactivity doctrine. In contrast, First Investors argues that because the Walsches filed their complaint on February 20, 1991, several months after this Court's November 8, 1990 decision in *Ceres*, the operation of the one-year/three-year limitations period was prospective not retroactive. We agree.

As the Supreme Court recently observed: [i]t is, of course, a fundamental tenet of our retroactivity doctrine that the prospective application of a new principle of law begins on the date of the decision announcing the principle.

*American Trucking Ass'ns v. Smith*, 496 U.S. 167, 187, 110 S.Ct. 2323, 2335, 110 L.Ed.2d 148 (1990) (plurality). The Walsches do not, in fact, contend otherwise. Properly construed, the Walsches' argument is not with the effective *date* of prospective application but with the definition of the

conduct that is being prospectively proscribed. The Walsches argue that applying *Ceres* prospectively would mean applying it to post-*Ceres* fraudulent conduct constituting the underlying transaction and violation. We disagree.

Where a new rule alters substantive rights, to apply the new rule prospectively means to apply it to claims based on conduct occurring from that time forward. However, where as here, the new rule announces a period of limitations, the conduct to which it refers is the plaintiff's conduct relating to the filing of the claim and not the defendant's conduct giving rise to the claim. *Compare Franklin Mint Corp. v. Trans World Airlines, Inc.*, 690 F.2d 303, 312 (2d Cir.1982), *aff'd* 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984) *with DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409, 411 (2d Cir.1975).

Accordingly, any claim filed after the new limitations period was announced in *Ceres* is prospectively subject to the one-year/three-year limitations period. District courts within this Circuit have already recognized and applied this principle. *See, e.g., Sperber Adams Assocs. v. JEM Management Assocs. Corp.*, No. 90 Civ. 7405, 1992 WL 138344, at *8 n. 2 (S.D.N.Y. June 4, 1992) (In § 10(b) actions "[f]or claims filed after November 8, 1990, such as the one at hand, Second Circuit law on June 19 required an action to be commenced within the [one-year/three-year period]."); *Philip Morris Capital Corp. v. Century Power Corp.*, No. 90 Civ. 8277, 1992 WL 88133, at *6 (S.D.N.Y. Apr. 23, 1992) ("Because Plaintiffs' claims were filed after the November 8, 1990 decision in *Ceres*, the one year/three year period applies to those claims.") (footnote omitted); *Ahmed v. Trupin*, 781 F.Supp. 1017, 1022 (S.D.N.Y. 1992) ("It would appear then that *Welch I* has been 'revived' and that the rule of the Second Circuit is that the uniform federal statute of limitations announced in *Ceres* and *Lampf* applies only to those cases filed on or after November 8, 1990."); *Klein v. Goetzmann*, 770 F.Supp. 78, 84 (N.D.N.Y. 1991) (Limitations period established in *Ceres* applies to claims filed after *Ceres* was decided); *Flickinger v. Harold C.*

*Brown & Co.*, 759 F.Supp. 992, 996 (W.D.N.Y.) ("Plaintiffs federal claims would be time-barred under the newly-announced *Ceres* rule. However, because plaintiff commenced this action on September 18, 1989, well before the rule in *Ceres* was announced, [the court] must determine whether the new limitations rule should be applied retroactively to bar plaintiff's federal claims."), *aff'd in part and rev'd in part on other grounds*, 947 F.2d 595 (2d Cir.1991); *Finkel v. Stratton Corp.*, 754 F.Supp. 318, 331 (S.D.N.Y.1990) ("No question of retroactivity arises because the Third Circuit decided *Data Access* [adopting the one-year/three-year period] on April 8, 1988 ... and plaintiffs at bar filed their complaint on June 1, 1988."); *see also Goins v. Teamsters Local 639–Employers Health & Pension Trust*, 598 F.Supp. 1151, 1154 (D.D.C.1984) ("[T]he *Chevron* court decided only that a new statute of limitations period should not 'be applied retroactively to bar actions filed before the date of its announcement'.... Since this action was filed *after* the announcement of [a new limitations period], the *Chevron* test is facially inapplicable.") (citation omitted). Indeed, the Walsches point to no case within this Circuit where a court considered retroactivity doctrine in a case filed after a new limitations period was announced.

Instead, the Walsches rely on rulings in the Fifth and Ninth Circuits that applied the *Chevron* analysis to cases arising under 42 U.S.C. § 1983 where the cause of action accrued prior to the announcement of a new rule resulting in a shorter statute of limitations but where the claim was not filed until after the case announcing the rule was decided. *See Hanner v. Mississippi*, 833 F.2d 55 (5th Cir.1987) and *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir.1987); *see also Derstein v. Van Buren*, 828 F.2d 653 (10th Cir.1987) (applying retroactivity doctrine to § 1983 case filed 18 days after announcement of new rule establishing shorter limitations period). In light of the complexity in line-drawing that permeates retroactivity doctrine, conflicting interpretations among courts are not uncommon. Regardless of the approach

taken by other courts, the law as applied in this Circuit, as the plaintiffs concede, has been consistent that a new statute of limitations applies prospectively to cases filed after the case in which the new rule is announced.

█ In the alternative, the Walsches ask for a transitional grace period during which similarly situated plaintiffs would receive the benefit of pre-*Ceres* law. The Walsches point to one such grace period provided by the Ninth Circuit in the labor context. *See Kelly v. Burlington Northern R.R.,* 896 F.2d 1194 (9th Cir.1990); *see also Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir. 1986). We have in certain contexts explicitly ruled that a prospective ruling would take effect at a future date. *See, e.g., Franklin Mint,* 690 F.2d at 311–12 (ruling on enforcement of liability under Warsaw Convention held to be "prospective and will apply only to events creating liability occurring 60 days from the issuance of the mandate"); *DeMatteis,* 520 F.2d at 411 (modifying judgment as to Title VII statute of limitations so that it would "have prospective effect only, from the date of the original decision, plus 90 days.")

Although we have had occasion to rule on the effect of *Ceres,* we have not established such a grace period for § 10(b) litigants. Providing one at this late juncture would go beyond our Congressional mandate that we apply the law of this jurisdiction, "as such laws existed on June 19, 1991." Even absent consideration of Section 27A, such a rule would unsettle the established rule in this Circuit that *Ceres* applies prospectively to cases filed after its announcement.

In addition, it would place litigants who filed after *Ceres* in a different position than those who filed after *Lampf.* In light of the identity of the rules adopted, and the short period of time separating these two decisions, we decline to do so. We therefore, hold that the Walsches' claim is subject to the one-year/three-year statute of limitations announced in *Ceres,* and is consequently, time-barred.

We note that because we find that the Walsches' cause of action was subject to the one-year/three-year limitations period announced in *Ceres,* the subsequent adoption of this same period in *Lampf* does not alter either our analysis or the result of this case. We therefore need not address issues regarding the constitutionality of Section 27A, which limited the application of *Lampf,* and decline to do so. *See Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 2996, 86 L.Ed.2d 664 (1985); *Henley v. Slone,* 961 F.2d 23, 26 (2d Cir.1992); *see also Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.,* 967 F.2d 742, 751 n. 6 (2d Cir. 1992). It is nonetheless significant that our interpretation of prospectivity parallels the approach adopted by Congress in enacting Section 27A. Congress meant to exempt cases filed before *Lampf* from application of the one-year/three year limitations period but left those cases filed after *Lampf* subject to the new rule.

Both parties agree that the district court erred in dismissing the Walsches' state-based claims for want of pendent jurisdiction since diversity had been alleged. Our review of the record reveals that this error was mere oversight, which would readily have been corrected had the Walsches brought the error to the attention of the district court rather than seeking an immediate appeal. Although First Investors argues that the state-based diversity claims are also time-barred under applicable Connecticut periods of limitations, this determination is properly left to the district court as a matter of first instance. *See Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 963 (2d Cir.1987). Accordingly, we vacate and remand that portion of the district court's judgment dismissing the Walsches' state-based diversity claims.

## CONCLUSION

Based on the foregoing, the judgment of the district court dismissing plaintiffs' federal securities claims is affirmed. The judgment of the district court dismissing plaintiffs' state-based diversity claims is vacated and the case remanded.