108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Noel HUTCHINSON, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE; Drug Enforcement
Administration, Defendants-Appellees.
 No. 96-2588.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR APPELLANT: Noel Hutchinson, Fort Dix, New Jersey, pro se.
 
 
 2
 APPEARING FOR APPELLEES:Evan T. Barr and Guy Petrillo, Assistant United States Attorneys, New York, New York.
 
 
 3
 PRESENT: Honorable JOHN M. WALKER, Jr., Honorable JOSEPH M. McLAUGHLIN, Honorable HARLINGTON WOOD, Jr.,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Kimba M. Wood, Judge ) and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the United States District Court for the Southern District of New York is AFFIRMED.
 
 
 6
 Plaintiff-appellant, Noel Hutchinson, appeals the ruling of the United States District Court for the Southern District of New York (Kimba M. Wood, Judge ), denying his motion pursuant to Fed.R.Civ.P. 60(b) seeking reconsideration of Judge Wood's earlier order dismissing Hutchinson's claim for return of property forfeited in connection with his arrest in July 1988 on charges of conspiracy to deal in five kilograms of cocaine in violation of 21 U.S.C. § 846. Because we find Hutchinson's arguments to be without merit we affirm.
 
 
 7
 In July 1988, Hutchinson and others were arrested in Newburgh, New York, on charges of conspiring to deal in five kilograms of cocaine. Subsequent to his arrest agents of the Drug Enforcement Administration ("DEA"), seized a vehicle and two bank accounts related to Hutchinson's drug transactions, forfeitable pursuant to 21 U.S.C. §§ 881(a)(4) and (6) and 18 U.S.C. § 981. Ultimately, this property was forfeited administratively when plaintiff failed, after proper notification, to file a petition, claim and cost bond or in forma pauperis petition contesting the seizure. The forfeiture became final in late 1988.
 
 
 8
 On September 8, 1988, the government began a civil forfeiture proceeding, pursuant to 18 U.S.C. § 881(a)(7), against real property owned by plaintiff: a three story building housing plaintiff's business, Roy's Deli and Grocery, as well as residential facilities. The government alleged that the real property was employed to facilitate the commission of the narcotics felony. On March 27, 1991, after a bench trial, before then-District Judge Pierre N. Leval, the district court ordered that the property be forfeited. On December 5, 1991, this court summarily affirmed this disposition.
 
 
 9
 On November 19, 1990, Hutchinson challenged on several grounds the seizure of his vehicle and bank accounts. On January 21, 1992, Magistrate Judge Naomi Reice Buchwald, filed a Report and Recommendation suggesting that plaintiff's complaint be dismissed. On April 16, 1992, Judge Wood by order adopted the magistrate's Report and Recommendation, thus, dismissing Hutchinson's complaint.
 
 
 10
 On November 20, 1995, Hutchinson sought reconsideration of both the in rem and administrative forfeitures contending that a "fundamental change in controlling law" mandated return of his property. For reasons unclear to the panel, however, the action was assigned to Judge Wood, under the docket number reflecting only the administrative forfeiture proceedings. Thus, plaintiff's motion for reconsideration addressing the in rem forfeiture proceedings, presided over by then-District Judge Leval, were not adjudicated. They are, thus, not properly before this court. Accordingly, the panel is unable to address Hutchinson's arguments seeking reconsideration of the district court's order mandating forfeiture of plaintiff's real property located at 214 Broadway in Newburgh, New York.
 
 
 11
 Thus, we address only Judge Wood's order dismissing plaintiff's November 19, 1990, challenge to the administrative forfeiture of his vehicle and the contents of two of his bank accounts. In his motion for reconsideration, Hutchinson argues that the administrative forfeiture proceedings constituted punishment under Austin v. United States, 509 U.S. 602 (1993), and Department of Revenue of Montana v. Kurth, 511 U.S. 767 (1994). Accordingly, he continues, the administrative forfeiture of his property constitutes double jeopardy in violation of the Fifth Amendment. See Supplemental Appendix at 67. Since plaintiff filed his motion for reconsideration, however, the Supreme Court has specifically determined that its "traditional understanding" is "that civil forfeiture does not constitute punishment for the purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2147 (1996). Ursery, thus, definitively defeats Hutchinson's double jeopardy claim. See Walsche v. First Investors Corp., 981 F.2d 649 (2d Cir.1992) ("It is, of course, the general rule that a court must apply the law as it exists at the time it renders its decision.").
 
 
 12
 We have carefully considered all of plaintiff's other contentions and find them to be without merit. Accordingly, the order of the United States District Court for the Southern District of New York is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., of the United States Circuit Court of Appeals for the Seventh Circuit sitting by designation